```
                    United States District Court
                      District of Massachusetts
_____
                                   )
PC INTERIORS, LTD.,                )
        Plaintiff,                 )
                                   )
        v.                         )   Civil Action No.
                                   )   09-12145-NMG
J. TUCCI CONSTRUCTION COMPANY,     )
        Defendant.                 )
_____)
```

### MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff PC Interiors, LTD. ("PCI") brings this lawsuit against defendant J. Tucci Construction Corporation ("Tucci") for breach of contract, violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A and a number of related claims. PCI alleges that Tucci failed to pay $98,525 owed for construction services pursuant to a subcontract related to Tucci's reconstruction of the interior of a Saks Fifth Avenue Store in Boston, Massachusetts.

### I. Background

PCI filed its complaint on December 18, 2009 and, in February, 2010, Tucci answered the complaint and brought a counterclaim for breach of contract. Tucci moved for summary judgment on January 31, 2011. Because PCI did not file an opposition until March 15, 2011, Tucci moved to strike the opposition as untimely.

**II. Motion to Strike**

Tucci moves to strike as untimely PCI's memorandum in opposition to Tucci's motion for summary judgment with respect to its counterclaim. The deadline for PCI's opposition was February 28, 2011. PCI failed to meet the deadline, did not include statements of material facts with its opposition and does not provide an explanation for its delinquency.

The Court agrees that PCI's opposition was inexcusably late and deficient due to the lack of a statement of material facts but finds that the late opposition did not prejudice the defendant. Furthermore, PCI sufficiently set forth the disputed facts in its opposition. For those reasons, the Court will deny defendant's motion to strike and any facts that PCI controverted in its opposition will not be deemed admitted. See Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003).

**III. Motion for Summary Judgment**

    **A. Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

**B.  Application**

Tucci alleges that PCI double billed for a number of services and that Tucci incurred additional costs due to PCI's incomplete, defective or deficient performance. Tucci claims

that it pre-paid allowances, i.e. estimated sums of money required to complete a particular item of work, but then also paid invoices for those services, resulting in double payment for the same services. PCI denies those allegations and argues that Tucci has willfully ignored evidence provided by PCI and has purposely not deposed individuals that Tucci knows would rebut its statement of facts. With respect to the second allegation, PCI maintains that Tucci was responsible for the delays in construction and the need for additional work.

There are clearly genuine issues of material fact to be decided here. The parties do not agree on, <u>inter</u> <u>alia</u>, the function of the tickets, the reason for any delays in construction and whether PCI was paid twice for the same work. As such, summary judgment is inappropriate and defendant's motion will be denied.

### ORDER

In accordance with the foregoing, defendant's motion for summary judgment (Docket No. 22) and motion to strike (Docket No. 24) are **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 5, 2011